UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA BEYNUM,<br>(a/k/a Maria Armstrong)<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE BARNHART,<br>Commissioner,<br>Social Security Administration,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-00976 (RCL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

This matter comes before the Court on the plaintiff's motion [11] for judgment of reversal and judgment on the pleadings, and defendant the Commissioner of Social Security's cross-motion for judgment of affirmance [14]. Upon consideration of these motions, the oppositions thereto, the reply briefs, the applicable law, the administrative record, and the entire record herein, the Court concludes that the plaintiff's motion will be DENIED and defendant's cross-motion for judgment of affirmance will be GRANTED.

**BACKGROUND**

**I. Procedural Posture and Administrative Record**

On June 25, 2001, plaintiff Maria Beynum filed concurrent applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act (Admin. R. 20; Social Security Act § 205(g), 42 U.S.C. § 405(g) (1994); the "Act".)  Plaintiff alleged disability commencing on May 14, 1999,

stemming from a combination of epileptic seizures, obesity, osteoarthritis, hypertension, constant head, shoulder, and neck pain, poor blood circulation, back impairment, and depression. (Admin. R. 22.)

Plaintiff's application was initially denied on January 7, 2002, as well as upon reconsideration by notice dated February 10, 2003, by the Social Security Administration. (Admin. R. 20.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") to consider all of the testimony and evidence of record. (Id.) The ALJ issued a decision unfavorable to plaintiff on May 29, 2004, finding the plaintiff "not disabled" under the Social Security Act. (Admin. R. 33.) Specifically, the ALJ found plaintiff capable of performing her past relevant work as a file clerk. (Admin. R. 20-30.) To reach his conclusion that a disability did not exist, the ALJ used a five-step sequential evaluation process as outlined in 20 C.F.R. §§ 404.1520, 416.920 (2003.)[1]

On April 26, 2005, the Social Security Appeals Council denied plaintiff's request for review of the ALJ's hearing decision. This determination thereby made the ALJ's ruling the "final decision" of the Commissioner of the Social Security Administration, from which plaintiff now seeks judicial review pursuant to 42 U.S.C. § 405(g). These motions followed.

## DISCUSSION

**I. Applicable Law**

Pursuant to the United States Code, Title 42, Sections 405(g) and 1383(c)(3), this Court has jurisdiction to review of the final decision the Commissioner of Social Security. This Court

---

[1]Findings of fact are determined by the Commissioner of Social Security. This Court by law is instructed to review only the pleadings and the official administrative record to ensure decisions by the Commissioner are supported by substantial evidence.

may not try plaintiff's case de novo or reconsider evidence from the administrative record submitted in the defendant's answer.[2]  Instead, the specific task of the reviewing court is to determine whether the Commissioner's findings of fact, in this case the decision of the ALJ, are supported by substantial evidence.  The Court must "carefully scrutinize the entire record." Davis v. Heckler, 566 F. Supp 1193, 1195 (D.D.C. 1983) (Green, J.).  Under 42 U.S.C. § 405(g), the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  Substantial evidence is more than a scintilla of evidence but need not be a preponderance; and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoted in Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  A court reviewing a case for substantial evidence gives considerable deference to the decision rendered by the ALJ and ensures his decision is in accordance with applicable law.  Davis v. Shalala, 862 F. Supp 1, 4 (D.C. Cir. 1994).  A court must determine whether substantial evidence on the record supports ALJ's decision that claimant is not disabled by reviewing the record in its entirety.  42 U.S.C. § 405(g).

For both disability and supplemental security income benefits, the Social Security Act defines the key term "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

---

[2]No new evidence may be admitted before the Court in this proceeding.  Davis v. Heckler, 566 F. Supp. 1193, 1195 (D.D.C. 1983) (Green, J.).  Accordingly, the Court will treat plaintiff's motion for summary judgment as a motion for an order reversing the decision of the Secretary and defendant's motion for summary judgment as a motion for an order affirming the decision of the Secretary, both pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure, and proceed to the merits of the case.  By virtue of 42 U.S.C. § 405(g), a federal district court may review a final decision of the Secretary only to determine whether there exists substantial evidence in the record to support the Secretary's findings.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Igonia v. Califano, 568 F.2d 1383, 1389 (D.C. Cir. 1977).

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The inability to engage in substantial gainful activity includes the inability to perform the claimant's previous work or other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A). The specific issue in this case is whether substantial evidence exists which caused the ALJ to render the plaintiff "not disabled."

Claims for Social Security disability insurance benefits and supplemental security income are evaluated using a five-step process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920. Failure to satisfy any one of the first four steps results in a determination of "not disabled." The plaintiff must prove (1) that she is not presently engaged in substantial gainful work, (2) that she has a severe "impairment," and either (3) that she suffers for more than twelve months from one or more listed impairments, or (4) that she is incapable of performing past relevant work. (Id.) If the plaintiff prevails on the first four steps, the fifth step shifts the burden to the Commissioner to prove that the plaintiff, based upon her age, education, work experience, and residual function capacity, is capable of performing other gainful work. Id. See Simms v. Sullivan, 877 F.2d 1047, 1049 (D.C. Cir. 1989). The Court discusses each step in turn below.

The plaintiff's arguments for judgment reversal are based on the ALJ's alleged failure to comply with the requirements of four Social Security policy Rulings ("Rulings") (Pl.'s Motion 8.) These Rulings are issued by the Commissioner of the Social Security Administration to assist the Administration and reviewing courts with interpretation of the Act and regulations.[3] "Social

---

[3] http://www.ssa.gov/OP_Home/rulings/rulings-pref.html

Security Rulings, while instructive, are not conclusive and do not have the force of law." 20 C.F.R.§ 402.35(b)(1).  The U.S. Supreme Court in Heckler v. Edwards emphasized that the "Rulings do not have the force and effect of the law or regulations but are to be relied upon as precedents in determining other cases where the facts are basically the same."  465 U.S. 870, 874 (1984).  The plaintiff fails to persuade the Court that the ALJ erred in his application of the policy Rulings set forth in Rulings 82-62, 96-7p, 96-8p, and 96-2p.  This Court finds the ALJ properly based his decision upon substantial evidence of record and adequately followed the Rulings set forth by the Social Security Commissioner.  The Court will address the plaintiff's arguments as applicable during the disability analysis discussion below.

**II. The ALJ's Determination**

**A. The plaintiff has not engaged in substantial gainful activity**

In his review of plaintiff's application for Social Security disability, Administrative Law Judge Bond followed the five-step sequential process as outlined in 20 C.F.R. § 404.1520(a)(4)(i)(b).[4]  The ALJ determined in his initial March 26, 2004 hearing that plaintiff had met the first requirement, since she had not engaged in substantial gainful activity since her alleged onset date, May 14, 1999. (Admin. R. 21.)  Neither party disputed this finding.  Once this determination was made, the disability analysis proceeded to the next step to evaluate the severity of impairments.

**B. Plaintiff's impairments are "severe" enough within the meaning of the regulations**

The second step of the regulation analysis requires the plaintiff to have a "severe"

---

[4]Reference will be made to Part 404 of Title 20 C.F.R., which applies to DIB under Title II of the Social Security Act.  Part 416 of Title 20 C.F.R. contains similar regulations regarding SSI under Title XVI of the Act.

impairment or combination of impairments that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520©). In reviewing the evidence, the ALJ heard testimony that the plaintiff has "an inability to work due to seizures; high blood pressure; constant head, shoulder, and neck pains; poor blood circulation and problems with depression." (Admin. R. 22.) Substantial evidence provided through testimony and medical evidence caused the ALJ to find that plaintiff's impairments were medically "severe" within the regulations. Having determined "severity" through substantial evidence, the ALJ continued to step three of the analysis. 20 C.F.R. § 404.1520(a)(4).

**C. Plaintiff's impairments do not meet or equal the Social Security listings of medical impairments**

After finding that plaintiff's impairments are considered "severe," the next stage of the analysis requires finding that plaintiff's impairments conform with either steps three or four of the five-step process. Step three requires that plaintiff's impairments have lasted or are expected to last for a continuous period of at least twelve months. The impairments must also meet or medically equal a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4. 20 C.F.R. § 404.1520. If the plaintiff's impairments are listed in Appendix 1, the plaintiff is presumed disabled without further inquiry. If step three is not met, plaintiff must meet step four which requires the plaintiff to be incapable of performing past relevant work (Admin. R. 21, 20 C.F.R. §§ 404.1520(d)-(e), 416.920(d)-(e).)

In step three of the analysis, Judge Bond determined through substantial medical evidence that the plaintiff "has epilepsy, obesity, osteoarthritis, and allied disorders including status-post shoulder surgery, a back impairment, hypertension, and depression. [These] impairments are

'severe' within the meaning of the regulations but not 'severe' enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4." (Admin. R. 27.) Had the ALJ determined the plaintiff's impairments were equal to an impairment as defined in Appendix 1, plaintiff would have been deemed disabled. Such a determination was not made.

Upon review of Appendix 1, this Court finds that the ALJ correctly determined that plaintiff has not suffered for more than twelve months from one or more listed impairments contained in Appendix 1, Subpart P, Regulation No. 4.  20 C.F.R. § 404.1520.  Although plaintiff was diagnosed with certain impairments, "for a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 529 (1990).  The plaintiff does not meet all specified medical criteria in the Appendix 1 listings, thus does not have a recognized impairment to establish disability.  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Id. at 529. Furthermore, "for a claimant to qualify for benefits by showing that his . . . combination of impairments is 'equivalent' to a listed impairment, he must present medical findings equal in severity to all the criteria for the one more similar listed impairment."  (Id.)  The ALJ ruled that the medical findings presented by the plaintiff did not support disability based on her combination of impairments.  This Court defers to the findings of the ALJ, and finds they are supported by substantial evidence.

For plaintiff's seizure impairment to be equivalent to the disability listing under Section 11.02 and/or 11.03 of Subpart P, Appendix 1:

The impairment must consist of a claimant [plaintiff] who is (1) not actually

engaging in substantial gainful activity, (2) has a seizure disorder, (3) has been under appropriate medical treatment, (4) is compliant with prescribed medication regimen, (5) and experiences either persistent major convulsive (grand mal or psychomotor) seizures more frequently than once monthly, or persistent minor nonconvulsive (petit mal, psychomotor, or focal) seizures more frequently than once weekly.

(Admin. R. 27-28.)

While the record indicates that plaintiff has suffered from seizures with a frequency of three times a month, there were "no postical manifestation of uncontrolled behavior of impaired intellectual functions; therefore, the claimant could not meet or equal Listing 11.03." (Admin. R. 28.) "The claimant's seizure chart [maintained by the plaintiff] does not support the claimants' meeting or equaling Listing 11.02, and neither does the evidence." (Id.) Because the plaintiff's seizures do not meet the requirements detailed in the regulation Appendix, the seizures do not qualify her for disability status. The ALJ appropriately determined that because the plaintiff's seizures do not constitute disability under Appendix 1, the seizures do not meet step three of the regulation analysis.

The ALJ then examined the plaintiff's back, shoulder, obesity, and hypertension disorders in turn, comparing each disorder to the applicable listings in Appendix 1 (Listings evaluated: 1.00B2b;14.00A; 14.00B; 1.00Q; 3.00I; and 4.00F).[5] As to each disorder, the ALJ found the plaintiff did not have an impairment or combination of impairments listed in, or medically equal to, the requirements of disability as outlined in Appendix 1. Because the plaintiff was found to be "not disabled" under the Appendix listings, there was no need for the ALJ to assess the

---

[5]The impairment "Listings" are located in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the plaintiff has one or more impairments that meet or equal one of the listings in Appendix 1 and meet the duration requirement, the plaintiff will be found disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

plaintiff's pain. "Pain itself does not create disability status, and there must be some underlying impairment from which the pain is based." Brown v. Brown, 794 F.2d 703, 706 (D.C. Cir. 1986). Therefore, the ALJ adequately followed Ruling 96-7p, making the plaintiff's argument with regards to the Ruling moot.

Only after the ALJ completed a thorough review of the impairment listings did he concur with the findings of Dr. Patricia Cott, an agency psychologist who evaluated the plaintiff's personal limitations. (Admin. R. 491-508.) Dr. Cott found the plaintiff's "affective disorders impose the following limitations: mild restriction of activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and, one or two repeated episodes of decompensation." (Admin. R. 501.) Judge Bond took testimony from the plaintiff and thoroughly reviewed her entire medical record before accepting Dr. Cott's evaluation. As a result of his thorough analysis, this Court finds Judge Bond's decision of "not disabled" is supported by substantial evidence.

**D. The plaintiff's impairments do not prevent her from doing past relevant work**

Step four determines if plaintiff's impairments prevent her from doing her past relevant work through the evaluation of the plaintiff's residual function capacity ("RFC"). RFC is defined in the regulations "as the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks." 20 C.F.R. § 404.1545. If the claimant is not prevented from participating in past relevant work because of disorders, she will not be considered disabled. 20 C.F.R. § 404.1520(e)-(f). The ALJ found plaintiff capable of performing the requirements of her past relevant work as a file clerk through assessing her RFC. Pursuant to Ruling 82-62, Judge Bond clearly contemplated the

plaintiff's past occupation as a temporary file clerk for the D.C. Department of Tax and Revenue. Specifically, the ALJ determined that plaintiff "retains the following RFC for: light, unskilled work with a sit/stand option, and limited contact with the general public." (Admin. R. 30.) This Court finds the ALJ properly followed the RFC evaluation outlined in the regulations, and rejects the plaintiff's Ruling 96-8p argument as an attempt to exceed the scope of the Ruling.

In determining the plaintiff is capable of performing the duties of her past relevant work, Judge Bond relied upon findings of fact by agency medical consultants regarding the nature and severity of the plaintiff's impairments (Ruling 96-6p (1996); 20 C.F.R. § 404.1527(f).) The ALJ relied primarily upon the examinations of agency physicians Dr. Taubin, Dr. Kadian, and Dr. Cott in finding that plaintiff had the requisite residual functions to continue to perform her job as a file clerk. (Admin. R. 29-30.) The ALJ complied with Ruling 96-2p in giving the medical opinions of the agency physicians controlling weight because their opinions are most consistent with the other substantial evidence in the case record. Although the plaintiff's function capacity has been designated as "light" by the ALJ, this Court finds by substantial evidence the plaintiff is still capable of performing the duties of her past employment and is not considered disabled.

**E. The plaintiff's impairments do not prevent her from doing any other work**

Once the ALJ determined at step four that the plaintiff is capable of performing the duties of her past employment, the plaintiff's status became "not disabled." The ALJ continued to evaluate plaintiff's claim at the fifth step of the sequential process, however, to emphasize that the plaintiff could make an adjustment to other work. 20 C.F.R. § 404.1520(a)(4)(v). The ALJ consulted a vocational expert who established that the plaintiff is capable of finding "light work" in the national economy. This Court need not address step five of the disability analysis because

it has already found steps one through four provide substantial evidence to support the ALJ's determination. As such, the plaintiff's argument that the ALJ relied on improper questioning from the vocational expert in step five also need not be addressed.

## **CONCLUSION**

The Administrative Law Judge properly found, based on substantial evidence, that plaintiff was not disabled at step four of the five-step analysis, and accordingly was not entitled to Social Security disability benefits or supplemental security income. For the foregoing reasons, defendant's motion for judgment affirmance [14] will be GRANTED, and plaintiff's motion for judgment reversal [11] will be DENIED.

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, June 13, 2006.